UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE:

TRANSFER OF STRUCTURED
SETTLEMENT PAYMENT RIGHTS BY
KEVIN DULANEY

Cause no. 1:10-CV-976

## AMENDED APPLICATION FOR APPROVAL OF TRANSFER OF STRUCTURED SETTLEMENT PAYMENT RIGHTS

Applicant Woodbridge Structured Funding, LLC ("Woodbridge") files this Amended Application for Approval of a Transfer of a Structured Settlement Payment pursuant to Chapter 141 of the Texas Civil Practice & Remedies Code and request that the Court approve the transfer by Kevin Dulaney ("Mr. Dulaney") of his right to receive certain future Structured Settlement payments to Woodbridge. Mr. Dulaney joins in this Application as evidenced by his signature on the attached exhibits. In support of this Application, the parties would respectfully show the Court the following:

### Discovery Control Plan

1. Although it is anticipated that no discovery will be necessary in this case, pursuant to Tex.R.Civ.P. Rule 190, this case should be governed by Discovery Control Plan 2.

### Interested Parties

2. Applicant Woodbridge is the proposed Transferee under Chapter 141 of the Texas Civil Practice & Remedies Code. Woodbridge files this application seeking approval of the transfer of certain Structured Settlement Payment Rights from Mr. Dulaney to Woodbridge.

3. Mr. Dulaney, is a 36 year old, married man. He has 5 dependent children. He currently resides in Montgomery County, Alabama.

4. Mr. Dulaney is entitled to receive tax-free payments under a structured settlement arrangement and he desires and proposes to transfer and assign to Woodbridge the right to receive certain of the payments due under the structured settlement pursuant to Chapter 141 of the Texas Civil Practice & Remedies Code (Supp. 2001) (the "Texas Transfer Statute").

5. Other parties under the Texas Transfer Statute are as follows:

- *Annuity Issuer*:
  Genworth Life Insurance Company
  3100 Albert Lankford Drive
  Mail Stop CSC-1-030
  Lynchburg, VA 24501

- *Structured Settlement Obligor*:
  United States of America
  816 Congress Ave., Ste. 1000
  Austin, Texas 78701

## Venue and Jurisdiction

6. Venue and jurisdiction are proper in Western District of Texas, because the original settlement by which the annuity payments being transferred was issued, occurred in this Court and the United States of America is an interested party.

## Statement of Facts

7. Mr. Dulaney settled a complaint against the United Stats under the Federal Tort Claims Act. As part of the settlement of this claim, the parties executed a Settlement Agreement (the "Settlement") whereby Mr. Dulaney would receive structured settlement payments. (The periodic payments due in connection with the Settlement Agreement shall be referred to as the "Settlement Payments.")

8. In accordance with the Settlement, United States of America purchased annuity, contract # K3851591 (the "Annuity"), from Genworth Life Insurance Company("Genworth") to fund

its obligation to make the periodic payments due to Mr. Dulaney under the Settlement. Mr. Dulaney receives his checks directly from Allstate.

9. In return for the payment of a lump sum, Mr. Dulaney has agreed to transfer and assign to Woodbridge the right to receive certain of the Settlement Payments as follows:

- 1 lump sum payment of $25,000.00 due and payable on or about September 20, 2014;
- 1 lump sum payment of $15,000.00 due and payable on or about September 20, 2015;
- 1 lump sum payment of $15,000.00 due and payable on or about September 20, 2016;
- 1 lump sum payment of $25,000.00 due and payable on or about September 20, 2017 ("Settlement Payments")

10. Mr. Dulaney, executed a Structured Settlement Annuity Sale and Assignment Agreement on or about October 3, 2010, in which he agreed to assign and transfer to Transferee Woodbridge and/or its successors and/or assigns the Settlement Payments. This document constitutes a Transfer Agreement as defined by Tex. Civ. Prac. & Rem. Code § 141.002(19) (hereinafter referred to as the "Transfer Agreement" and attached hereto as "A" and incorporated by reference as if wholly contained herein).

11. Woodbridge timely provided to Mr. Dulaney a written disclosure statement in accordance with Tex. Civ. Prac. & Rem. Code § 141.003, more than three (3) days prior to the date on which Mr. Dulaney executed the Transfer Agreement (hereinafter referred to as the "Disclosure Statement", and attached hereto as Exhibit "B" and incorporated by reference as if wholly contained herein).

12. This transfer complies with the Structured Settlement Protection Act, Tex. Civ. Prac. & Rem. Code Ann. Chapter 141, and does not contravene any other applicable law.

13. The transfer is in the best interest of Mr. Dulaney. Mr. Dulaney intends to use the

proceeds of this transaction to build a family home, as more fully described in Exhibit "C", attached hereto. Mr. Dulaney was advised in writing to seek independent professional advice regarding the financial, legal, and tax implications of the transfer. Mr. Dulaney has executed an affidavit relative to his desire to enter into this transaction. See Exhibit "C".

14. At least twenty days prior to the hearing for approval of the transfer, the Transferee will provide written notice of the hearing, along with the Transferee's name and address to the Annuity Issuer, the Structured Settlement Obligor, and all other interested parties, if any, and will file same with the Court pursuant to Tex. Civ. Prac. & Rem. Code § 141.006. Specifically, the Annuity Issuer, the Structured Settlement Obligor, and all interested parties will be provided with the following documents and information pursuant to section 141.006 of the Texas Statute:

  A. A copy of this Original Application for Approval of a Transfer of Structured Settlement Payment Rights;

  B. A copy of the Transfer Agreement;

  C. A copy of the Disclosure Statement required by Tex. Civ. Prac. & Rem. Code § 141.003;

  D. A list of Mr. Dulaney's dependent(s), together with each dependent's age, if any;

  E. Notification that any interested party is entitled to support, oppose, or otherwise respond to this Application, either in person or by counsel, by submitting written comments to this Court or by participating in the hearing; and

  F. Notification of the time and place of the hearing and notification of the manner in which and the time by which written responses to the Application

must be filed in order to be considered by the Court.

15. If the Assigned Payments are life-contingent, Woodbridge has in place procedures reasonably satisfactory to periodically confirm the Payee's survival and to notify the Structured Settlement Obligor and Annuity Issuer of the Payee's death.

<u>Prayer</u>

Based upon the foregoing, Woodbridge and Mr. Dulaney request that the Court grant this Application and approve the transfer to Woodbridge of the Assigned Payments. As indicated by his signature on the attached affidavit, Mr. Dulaney, joins in the Application and requests the court to approve the transaction described herein.

Respectfully Submitted,

**CHRISTIAN SMITH & JEWELL, L.L.P.**

_____
Joe E. Luce
State Bar No. 12665050
2302 Fannin, Suite 500
Houston, Texas 77002
Telephone: (713) 659-7617
Facsimile: (713) 659-7641

**ATTORNEYS FOR THE PETITIONER, WOODBRIDGE STRUCTURED FUNDING, LLC ("Woodbridge")**

## Notice to Clerk of Party's Name and Address

Pursuant to Civil Practice and Remedies Code §30.015, notice is hereby provided to the Clerk that the following is the name and current business address of Applicant:

Woodbridge Structured Funding, LLC
14225 Ventura Blvd, Ste 100
Sherman Oaks, CA 91423
Attention: Mr. Robert Shapiro
(866) 452-4499